IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRENCE MCCREA,**<br><br>Plaintiff,<br><br>v.<br><br>**J. HUBBARD, et al.,**<br><br>Defendants. | Case No. 1:17-cv-00247-MJS<br><br>**ORDER REQUIRING THE PARTIES TO ADDRESS THE IMPLICATIONS OF RECENT NINTH CIRCUIT OPINION ON DEFENDANT'S MOTION TO REVOKE IN FORMA PAUPERIS STATUS** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On October 18, 2017, Defendant Denman filed a motion to revoke in forma pauperis ("IFP") status for Plaintiff on the grounds that Plaintiff had three or more earlier cases dismissed as frivolous; i.e., three "strikes" against him. (ECF No. 14.) On November 6, 2017, Plaintiff filed "objections" to Defendant's motion. (ECF No. 18.) Defendant's optional reply brief currently is due by November 13, 2017.

    Review of Defendant's motion to revoke IFP status reveals that two of the three cases Defendant cites to as "strikes" were dismissed as frivolous by a Magistrate Judge.

See McCrea v. Adams, ECF No. 12, Case No. 1:09-cv-00850 (E.D. Cal. Dec. 1, 2009); McCrea v. McComber, ECF No. 12, Case No. 2:15-cv-1605 (E.D. Cal. Dec. 21, 2015).

On November 9, 2017, the Ninth Circuit ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs **and defendants**—even those not served with process—before jurisdiction can vest in a Magistrate Judge to dispose of that case, even where Plaintiff had consented to Magistrate Judge jurisdiction. King v. Williams, --- F.3d ----, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). Accordingly, the Court held, a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

If the Ninth Circuit's ruling in King is to be given retroactive effect, it would appear that the Magistrate Judges who dismissed Plaintiff's cases in 2009 and 2015 did not have jurisdiction to do so. Thus, it would follow that those cases would no longer be considered "strikes" for the purposes of the Prison Litigation Reform Act on which Defendant's motion to revoke IFP is based. However, as this issue arose after Defendant's motion and Plaintiff's opposition already had been filed, the Court will grant both parties the opportunity to file supplemental briefs to address the implications of the Ninth Circuit's ruling on the pending motion.

Accordingly, IT IS HEREBY ORDERED that Defendant shall have fourteen (14) days from the date of this Order to file its reply brief and address therein the implications of the Ninth Circuit's ruling in King on the motion to revoke IFP. Plaintiff will have fourteen (14) days after service of Defendant's reply, to submit a brief addressing the implications of King on the motion to revoke IFP.

IT IS SO ORDERED.

Dated: November 13, 2017        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE