UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. HUBBARD, et al.,<br><br>　　　　　　Defendants. | **Case No. 1:17-cv-00247--MJS (PC)**<br><br>**ORDER REINSTATING DISMISSED CLAIMS**<br><br>**(ECF NO. 10)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS**<br><br>**(ECF NO. 9)**<br><br>**CLERK OF COURT DIRECTED TO ASSIGN A DISTRICT JUDGE TO THIS ACTION**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 6.) Defendant Denman has not consented to Magistrate Judge jurisdiction.

On August 23, 2017, the Court screened the first amended complaint, finding a cognizable claim against Defendant Denman. (ECF No. 10.) The Court found the claim against Defendant Hubbard to be non-cognizable, and, accordingly, dismissed that claim.

(Id.)

Defendant Denman filed a motion to revoke Plaintiff's IFP status (ECF No. 14), but on December 8, 2017, withdrew the motion (ECF No. 26) and moved for extension of time to respond to the amended complaint (ECF No. 27).

**I.      Vacate Dismissal**

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Defendant Denman has not consented to Magistrate Judge jurisdiction. Neither has Defendant Hubbard who was never been served. Absent full consent of all parties, the undersigned's dismissal of Plaintiff's claim against Hubbard is invalid under Williams and shall be reinstated. Still, the grounds for dismissal remain and so the undersigned will recommend to the District Judge that he dismiss it.

**II.     Findings and Recommendations on First Amended Complaint**

      **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C.  Plaintiff's Allegations

Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California, however his claims stem from events that took place at California State Prison ("CSP") in Corcoran, California. He names as Defendants Sergeant J. Hubbard and Sergeant C. Denman. Each is sued in his individual capacity.

Plaintiff's allegations are summarized as follows:

3

Defendant Hubbard intentionally jerked back Plaintiff's head and ordered him to look up at the sun. Plaintiff avers he posed no threat to Hubbard and was in restraints. Plaintiff believes that Hubbard should have written Plaintiff up for failure to obey direct orders, rather than use force to make Plaintiff comply. Hubbard violated several California state regulations, namely Cal. Code Regs. tit. 15 § 3004(a) (granting Plaintiff the right to be treated respectfully by staff members) and Cal. Code Regs. tit. 15 § 3271 (requiring employees to guarantee the safety of inmates confined in CDCR institutions) by forcibly pulling Plaintiff's head back to look at the sun. He alleges the violation of his "right to be protected by prison officials."

On October 14, 2015, Defendant Denman interviewed Plaintiff regarding the above-described incident. Denman asked Plaintiff if he would be willing to drop the complaint against Hubbard if he were given cell phone and commissary privileges. Denman also said that Plaintiff's "time within the prison may get a little difficult" if he followed through with his complaint, since "people don't like to get written up."

Plaintiff followed through and filed an inmate appeal ("602") seeking disciplinary action against Hubbard. It was granted in part insofar as his complaint was investigated, but no evidence of wrongdoing was found.

Plaintiff seeks monetary damages.

**D.   Discussion**

    **1.   Defendant Hubbard**

In Plaintiff's first complaint, he brought his claims against Defendant Hubbard under the Eighth Amendment excessive force clause. (ECF No. 1 at 3.) In the Court's first screening order, Plaintiff was advised that his allegations, as pled, were insufficient to rise to the level of an excessive force claim. (ECF No. 8 at 5-6.) He now appears to have abandoned his excessive force claim and instead brings his claim against Hubbard under the theory that Hubbard failed to "protect" him from unfair treatment. Such is not a claim. Plaintiff may mean to bring a failure to protect claim under the Eighth Amendment, or, in the alternative, allege an Equal Protection violation. As explained below, Plaintiff fails to

state a claim under either of these theories. Leave to amend would be futile and should be denied.

### a.     Eighth Amendment Failure to Protect

To make out a claim for failure to protect, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995). However, to prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842.

A failure to protect claim may only proceed where the inmate faces a "substantial" risk of harm. Here, Plaintiff presents no evidence of such a risk.

### b.     Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001). The second requires that Plaintiff have received disparate treatment compared to other similarly situated inmates without a rational basis for that difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

For either theory, Plaintiff must show evidence of discriminatory intent. See <u>Washington v. Davis</u>, 426 U.S. 229, 239-40 (1976); <u>Serrano v. Francis</u>, 345 F.3d 1071,

1082 (9th Cir. 2003). There is no such evidence here.

Accordingly, the claim against Defendant Hubbard should be dismissed with prejudice.

## B. Defendant Denman

For the sake of completeness, the Court re-states here the basis on which it found a cognizable retaliation claim against Defendant Denman:[1]

It is well-settled that § 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

---

[1] See ECF No. 10 (the Court's second screening order recognizing a cognizable claim for retaliation against Defendant Denman).

6

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

Plaintiff claims Defendant Denman attempted to bribe Plaintiff with cell phone and commissary privileges to convince Plaintiff to drop his complaint against Hubbard. As explained in detail in the Court's initial screening order, other District Courts have looked at the somewhat novel proposition that an unsuccessful bribe attempt constitutes an adverse action for the purposes of a retaliation claim and failed to come to a consensus. (ECF No. 8 at 8-9.)

The Court found that Denman's explicit threat that things might get "a little difficult" was sufficient to state a First Amendment retaliation claim. (Id. at 9). Likewise, the Court reiterated that it is not a stretch to conclude that another form of official misconduct—offering a bribe—could dissuade the average inmate from grieving a legitimate wrong committed against him or convince the inmate that a failure to accept the bribe might place him at risk of future harm. (ECF No. 10.) However, given the finding of a cognizable retaliation claim based on the explicit threat, the Court found that it need not and would not resolve the issue of whether an unsuccessful bribe attempt could form the basis for a retaliation suit.

The Court found Plaintiff's allegations of retaliation threatened in response to his having filed a complaint were sufficient to proceed on a claim against Defendant Denman.

## III. Conclusion

For the foregoing reasons, the claim against Defendant Hubbard dismissed in the Court's screening order (ECF No. 10) is reinstated. The Clerk of Court is directed to assign a District Judge to this case to address the following recommendations.

Further, IT IS HEREBY RECOMMENDED that:

(1) Plaintiff's claim against Defendant Hubbard be DISMISSED; and

(2) This action proceed on Plaintiff's cognizable claim for retaliation against Defendant Denman.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 11, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE