UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA, | No. 1:17-cv-00247-DAD-MJS |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS |
| v. | |
| J. HUBBARD, et al., | (Doc. No. 29) |
| Defendants. | |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff consented to the jurisdiction of a United States Magistrate Judge over the action for all purposes pursuant to 28 U.S.C. § 636(c). (Doc. No. 6.) Defendant Denman has not consented to magistrate judge jurisdiction.

On June 27, 2017, the assigned magistrate judge issued a screening order directing plaintiff to either file an amended complaint or a notice of willingness to proceed only on his claim against defendant Denman which was found to be cognizable. (Doc. No. 8.) On July 17, 2017, plaintiff filed a first amended complaint. (Doc. No. 9.) On August 23, 2017, the magistrate judge screened plaintiff's first amended complaint and found that it stated only a cognizable claim against defendant Denman. (Doc. No. 10.) The magistrate judge found the claim against defendant Hubbard to be non-cognizable and dismissed that claim by order. (*Id.*)

/////

1

However, on November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King,* 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge lacked jurisdiction to dismiss the above-described claims by way of the August 23, 2017 order. Therefore, on December 12, 2017, the magistrate judge issued findings and recommendations recommending that this action proceed only against defendant Denman and that defendant Hubbard be dismissed for failure to state a cognizable claim for relief. The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. Plaintiff filed a response indicating his "consent" to the magistrate judge's findings and recommendations. (Doc. No. 31.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of plaintiff's case. In his initial complaint, plaintiff alleges that defendant Hubbard intentionally jerked back plaintiff's head and ordered him to look up at the sun. In evaluating plaintiff's complaint, the magistrate judge concluded that there were insufficient facts alleged to establish an excessive force claim and directed plaintiff to include more facts "supporting a claim…that Hubbard had no penological justification for ordering plaintiff to put his head back and look at the sun and in physically acting to enforce that order and that the force used was greater than reasonably necessary to enforce the order." (Doc. No. 8 at 6.) Plaintiff amended his complaint but did not add such facts. (Doc. No. 9.) As such, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations filed on December 12, 2017 (Doc. No. 29) are adopted in full;

/////

/////

/////

2. Plaintiff's claim against defendant Hubbard is dismissed; and

3. This action shall proceed on the plaintiff's claim against defendant Denman.

IT IS SO ORDERED.

Dated: **January 8, 2018**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE